*405 MOTION FOR RECONSIDERATION (DENIED)
MARK BUTTERFIELD, Chief Judge.
The petitioner in this action, the Ho-Chunk Nation Legislature, asks that this Court reconsider its Judgment of June 22, 2001. The petitioner properly cites to the law or rules which govern a Motion to Reconsider a Judgment. The applicable Rule to follow is Ho-Chunk Nation Rules of Civil Procedure [hereinafter HCN R. Civ. P.], Rule 58(B) and the legal standard to follow was announced in Ralph Babcock v. HCN Gaming Commission, CV 95-08 (HCN Tr. Ct, March 14, 1996).
APPLICABLE LAW
HCN R. CIV. P. 58
(B) Motion for Reconsideration. Upon motion of the Court or by motion of a party made not later than ten (10) calendar days after entry of judgment, the *406 Court may amend its findings or conclusions or make additional findings or conclusions, amending the judgment accordingly. The motion may be made with a motion for a new trial If the Court amends the judgment, the time for initiating an appeal commences upon entry of the amended judgment. If the Court denies a motion filed under this rule, the time for initiating an appeal from the judgment commences when the Court denies the motion on the record or when an order denying the motion is entered, whichever occurs first. If within thirty (30) days after the entry of judgment, the Court does not decide a motion under this Rule or the judge does not sign an order denying the motion, the motion is considered denied. The time for initiating an appeal from judgment commences in accordance with the Rules of Appellate Procedure.
STANDARDS FOR MOTIONS TO RECONSIDER
A motion to reconsider may be granted by the court if the moving party timely files such a motion within ten (10) days of the date the order being asked to be reconsidered was distributed, and meets one or more of the following factors, i.e., that the court has:
1. Overlooked, misapplied or failed to consider a statute, decision or principle directly controlling; or
2. Overlooked or misconceived some material fact or proposition of law; or
3. Overlooked or misconceived a material question in the case; or
4. The law applied in the filing was been subsequently changed by court decision or statute. See Ralph Babcock v. Ho-Ckunk Gaming Commission, CV 95-08 (HCN Tr. Ct., Mar. 14, 1996)
DECISION
The Court issued its Judgment in this case on June 22, 2001 determining that the General Council had sovereign immunity and was dismissed from the case.[1] The Court further determined that suing the officers of the General Council who had no authority to carry out the alleged unconstitutional acts of the General Council left the Court without a party able to redress the alleged injuries of the petitioner Ho-Chunk Nation Legislature. This meant that the Court had jurisdiction over the *407 parties before it but could not undo the alleged harm because the Court could not order the officers to undo the harm. The Court followed settled precedent embodied in Ex Parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), that the Ho-Chunk Nation Courts may exercise jurisdiction over officers who are required by their job duties to carry out allegedly unconstitutional directives such as that alleged here.
The problem is that the Court does not yet have any officer or employee before it who is required to follow the directive of the General Council to enact General Council Resolution 10-21-00D. The Court held that the redressability is a key component of determining whether there is a case and controversy. Porter v. Lowe, CV 95-23, at 2 (HCN Tr. Ct., Oct. 2, 1996) rev'd on other grounds (lack of standing) Porter v. Lowe, SU 96-05 (HCN S.Ct., Jan. 10, 1997).[2] If the Court cannot redress the harm by ordering the parties to act or not to act, the case is not ripe. If it is not ripe the Court must wait until the case is ripe, i.e., ready to be decided because the parties before it have something directly at stake of a sufficient concrete nature to properly address the issues brought before the Court.
In this case the Court has a petitioner who wishes the Court to issue a declaratory judgment without the HCN Legislature making a decision on the issue of whether General Council Resolution 10-21-00D is constitutional without a respondent required to act to implement the act as Mr. Young was in the railroad rate cases involved in Ex Parte Young. In essence the HCN Legislature is asking for an advisory opinion, which this court declined to give when it dismissed the case for lack of ripeness and redressability.
While it is true that the Court may issue declaratory judgments, it may do so only where there is a real case and controversy, where there are parties who have standing, and where the issues are ripe for a decision and the Court can actually redress the harm of the plaintiff. The Court only has jurisdiction where there is an actual case and controversy pursuant to the HCN Constitution Art. VII § 5(a). However, the plaintiff HCN Legislature has failed to convince this Court that it has overlooked or misapplied any law in accordance with the standard outlined in Babcock v. HCN Gaming Commission CV 95-08 (HCN Tr. Ct., March 14, 1996). If the HCN Legislature desires a legal ruling without a case and controversy as required by the Court’s interpretation of HCN Constitution Art. VII § 5(a) it should first apply to the Ho-Chunk Nation Attorney General to issue a legal opinion as to the constitutionality of HCN General Council Resolution 10-21 -00D and act in accordance with that opinion. Should anyone disagree with what the HCN Legislature does after that, they may do so by suing someone who has either carried out HCN General Council Resolution 10-21 -00D or failed to carry it out.
It is then that there will be a real case and controversy. The Attorney General has the duty to examine all of the legal factors involved in the case and render an advisory opinion that can then be tested in Court. The Attorney General’s opinion *408 must be based on the HCN Constitution, the laws and ordinances of the Ho-Chunk Nation and Federal laws such as the Indian Gaming Regulatory Act, or IGRA, 25 U.S.C. § 2701 et seq., the priority allocation plan approved by the BIA etc. The Attorney General’s duty is not like that of an ordinary litigant who hires an attorney to represent his or her point of view. The Attorney General has a greater duty, not just to win the case before them, but to consider the “big” picture in interpreting and reconciling laws passed by the HCN Legislature or resolutions of the General Council within the overall framework of the HCN Constitution in a manner that is in the best interests of the Ho-Chunk Nation as a whole.
“Any final Judgement or Order of the Trial Court may be appealed to the Ho-Chunk Nation Supreme Court. The Appeal must comply with the Ho-Chunk Nation Rules of Appellate Procedure [hereinafter HCN R.App. P,], specifically [HCN R.App. P.], Rule 7, Right of Appeal.” HCN R. Civ. P. 61. The appellant “shall within thirty (30) calendar days after the day such judgment or order was rendered, file with the [Supreme Court] Clerk of Court, a Notice of Appeal from such judgment or order, together with a filing fee of thirty-five dollars ($35 U.S.).” HCN R.App. P. 7(b)(1). “All subsequent actions of a final Judgement or Trial Court Order must follow the [HCN R.App. P.].” HCN R. Civ. P. 61.

. The Court finds filing a Motion for Reconsideration by the petitioner to involve a certain amount of irony. On June 20, 2001, a mere two (2) days before the entrance of the Judgment in this case and without notice or communication with the Court, the Legislature considered whether to remove the presiding judge for good cause for the perceived failure to issue the Judgment in this case in a timely manner. However, now the petitioner requests that the Court delay resolution of this case even further by filing the Motion to Reconsider which has the effect of postponing the Judgment until it is decided by active consideration or denied by inaction after thirty days. HCNR. Civ. P. 58(B).
This action endangers the delicate balance of power between the branches by appearing to threaten a Trial Judge’s livelihood during the pendency of a case where one side is a party. Both the personal and institutional interests of the Legislators who voted to consider removal were such that a vote to abstain would have been in line with the standard expected of judges who must recuse themselves whenever their personal or financial interests are at issue in any case before them pursuant to HCN CONST. ART. VII § 13. To add further irony to the case is the fact that the Legislature’s own attorney never filed a Motion to Expedite the case explaining why at least that party wanted it placed on a fast track Moreover, when the Court contacted the parties to request Oral Argument to help clarify the many issues in the case, both petitioner and respondents' counsel refused. An additional irony is that only the respondent asked for summary judgment.

. The petitioner must show that s/he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant and that this injury fairly can be traced to the challenged action and is likely to be redressed by a favorable decision. Citing with approval Valley Forge Christian College v. Americans United for Separation of Church and State, Inc., 454 U.S. 464, 472, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982) (internal quotes omitted and italics added).